IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

LISA DIANA HAWTHORNE                                                                             PLAINTIFF

v.                                            CIVIL NO. 20-2009

ANDREW M. SAUL, Commissioner
Social Security Administration                                                                   DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Lisa Diana Hawthorne, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

I.      **Procedural Background:**

Plaintiff protectively filed her current applications for DIB and SSI on August 18, 2017, and August 15, 2017, respectively, alleging an inability to work since July 1, 2013, due to her knees, bone loss in her back and hip, bursitis of the right hip, a herniated disc with scoliosis and torqueing, left shoulder pain, high blood pressure, neuropathy of the upper and lower extremities, bilateral carpal tunnel, left arm atrophy and insomnia. (Tr. 77, 205, 212). An administrative

1

hearing was held on December 19, 2018, at which Plaintiff appeared with counsel and testified. (Tr. 51-73).

By written decision dated March 1, 2019, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 40). Specifically, the ALJ found Plaintiff had the following severe impairments: disorder of the cervical, thoracic, and lumbar spine and hypertension. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 42). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform the full range of sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a).

(Tr. 42). With the help of a vocational expert, the ALJ determined Plaintiff could perform her past relevant work as a medical record coder. (Tr. 45).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which after considering additional evidence submitted by Plaintiff denied that request on December 27, 2019. (Tr. 1-6). Subsequently, Plaintiff filed this action. (Doc. 2). Both parties have filed appeal briefs, and the case is before the undersigned for report and recommendation. (Docs. 14, 15).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.     Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind

would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and (5) whether the claimant is able to perform other work in the national economy

given her age, education, and experience.  See 20 C.F.R. §§ 404.1520, 416.920.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity.  See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982), abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. §§ 404.1520, 416.920.

**III.    Discussion:**

"When the Appeals Council denies review of an ALJ's decision after reviewing new evidence, [the Court does] not evaluate the Appeals Council's decision to deny review, but rather [it] determine[s] whether the record as a whole, including the new evidence, supports the ALJ's determination." McDade v. Astrue, 720 F.3d 994, 1000 (8th Cir. 2013)(quotation omitted). This requires the Court to speculate on how the ALJ would have weighed the newly submitted evidence had it been available at the initial hearing. Flynn v. Chater, 107 F.3d 617, 621 (8th Cir.1997). Thus, the Court has endeavored to perform this function with respect to the newly submitted evidence.

The new evidence submitted to the Appeals Council includes medical records dated March 28, 2019, wherein, Dr. Aaron E. White, Plaintiff's treating physician, noted Plaintiff complained of bilateral tingling in her hands.  (Tr. 24).  Plaintiff reported weakness in her left hand and that she sometimes dropped things. Upon examination, Dr. White noted Plaintiff exhibited a decreased grip strength, worse on her left than her right; an equivocal Tinel's test; and a positive Phalen's test.  Dr. White assessed Plaintiff with paresthesia of both hands, and referred her for a nerve conduction study for her upper extremities. (Tr. 25).  The Court notes that on November 27, 2018, Dr. Jeffrey Evans, the surgeon who performed Plaintiff's left shoulder rotator cuff repair surgery in February of 2018, had also recommended Plaintiff undergo nerve conduction studies of her left

4

upper extremity. (Tr. 726). Plaintiff also submitted the nerve conduction study results dated April 22, 2019, to the Appeals Council which indicated:

> 1. Right ulnar sensory neuropathy
>
> 2. Bilateral carpal tunnel syndrome (based on the history of previous carpal tunnel surgery on the left, it is possible that some of the changes noted on the left may be result of previous carpal tunnel syndrome and may not represent recurrent carpal tunnel syndrome)
>
> 3. Right median motor neuropathy (changes noted may of may not be due to carpal tunnel syndrome).

(Tr. 27). After reviewing the nerve conduction study results, Dr. White recommended Plaintiff consult with a hand surgeon. (Tr. 28). Had the ALJ had this medical evidence before him when making the decision in this case, the outcome may very well have been different. Accordingly, the Court believes that remand is necessary to allow the ALJ to consider this new and material evidence. With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessment and supported by the evidence.

The undersigned acknowledges that the ALJ's decision may be the same after proper analysis. Nonetheless, proper analysis must occur. Groeper v. Sullivan, 932 F.2d 1234, 1239 (8th Cir. 1991).

**IV.    Conclusion:**

Based on the foregoing, the undersigned recommends reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact.**

**The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 30th day of September 2020.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE